**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CHRISTOPHER PIERCE,**

                **Petitioner,**

     v.                                           **CASE NO. 18-3303-SAC**

**SAM CLINE,**

                **Respondent.**

**ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed by a prisoner in state custody. The Court has conducted an initial review of the petition as directed by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

**Background**

Petitioner was convicted in 1993. Because the present petition does not identify any claim for relief concerning his conviction or sentence but instead refers to recent action by the Prisoner Review Board passing him to February 2020, the Court liberally construes this matter as a petition brought under 28 U.S.C. § 2241.

The petition identifies the sole claim for relief simply as "Fake Report". Elsewhere, petitioner states:

> On 8/2/18 I had a parole hearing by the Kansas Prisoner Review Board and Jonathan Ogletree, Chairperson of the Parole Board asked for money in exchange for parole. See Attached Exhibit A. Which back in 2008/2009 several prisoners paid him money in exchange for parole – which I

---

[1] Rule 1(b) provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)[governing § 2254 filings]."

> find it illegal for Mr. Ogletree to try to extort money out of me in exchange for parole and I request for a hearing to be held in my case?

Doc. #1, p. 14.

### Exhaustion of remedies

"Before a federal court may grant relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he resents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). While Section 2241 does not contain an explicit exhaustion requirement, the exhaustion of available state court remedies is required for petitions brought under that section. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *see also Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005)(stating that a habeas petitioner proceeding under Section 2241 is required to exhaust available state court remedies or show that such exhaustion is futile).

A petitioner satisfies the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Bear v. Boone*, 173 F3d 782, 785 (10th Cir. 1999)("In order to fully exhaust state court remedies, a state's highest court

must have had the opportunity to review the claim raised in the federal habeas petition.").

Although the petitioner recently filed an original habeas action in the Kansas Supreme Court, a review of that petition shows that he did not present the claim he now raises, namely, that he was asked for money in exchange for parole.[2] Therefore, petitioner has not exhausted the claim, and this matter is subject to dismissal without prejudice on that ground.

### Order to Show Cause

Because the present petition contains an unexhausted claim, petitioner shall show cause on or before **January 30, 2019,** why this matter should not be dismissed without prejudice to allow him to present his claim to the state courts.

The failure to file a timely response will result in the dismissal of this matter without additional prior notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **January 30, 2019,** to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED: This 4th day of January, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] A copy of the petition filed in the Kansas Supreme Court is attached. *Pierce v. Cline*, Case No. 120388 (Kan. S. Ct. dismissed Dec. 18, 2018).